**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

v. Criminal No. 09-cr-122-01-JD

Devon Newbegin

**ORDER OF DETENTION PENDING TRIAL**

The government appealed the denial by the Magistrate Judge of its motion for detention pursuant to 18 U.S.C. § 3145.

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a de novo hearing was conducted on this date for the purpose of determining whether to detain defendant, Devon Newbegin.

The defendant was indicted on July 1, 2009 for the following offenses which carry the penalties as listed:

Count One - Conspiracy to Interfere With Commerce By Means of Robbery, in violation of 18 U.S.C. § 1951(a) - imprisonment up to 20 years.

Count Two - Attempt to Interfere With Commerce By Means of Robbery, in violation of 18 U.S.C. § 1951 - imprisonment up to 20 years.

Count Three - Attempt to Interfere With Commerce By Means of Robbery, in violation of 18 U.S.C. § 1951 - imprisonment up to 20 years.

Count Four - Conspiracy to Use Firearm During Crime of Violence, in violation of 18 U.S.C. § 924(o) - imprisonment for any term of years, up to

life.

Count Five - Possession of Firearm During Crime of Violence, in violation of 18 U.S.C. § 924(c) - imprisonment for not less than 5 years.

Count Six - Discharge of Firearm During Crime of Violence, in violation of 18 U.S.C. § 924(c) - imprisonment for not less than 10 years.

Count Seven - Possession of Firearm During Crime of Violence, in violation of 18 U.S.C. § 924(c) - imprisonment for a term of 25 years, § 924(c)(1)(C).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed . . . (B) an offense under § 924(c).

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Further, several of the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more. Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Notably, the burden is one of production, not of persuasion. Id. at 380-81.

The Court has considered the violent nature of the offenses, the defendant's role in committing them, the circumstances under which they occurred, and the strength of the government's case. The defendant is facing a significant term of imprisonment if convicted. The offenses were committed in 2007 and the defendant was not indicted until July 1, 2009. The defendant does have a good employment history and has had a two-year relationship with a woman with whom he has had a son who is 8 months old. He has been

a regular user of marijuana for a number of years and discontinued drug abuse counseling after several months. His criminal record contains two drug possession convictions. The bail report recommends detention.

The Court has weighed all of the factors listed under 18 U.S.C. § 3142(g) and has considered the previous bail order fashioned by the Magistrate Judge. Certainly while his community ties and employment history militate in favor of granting bail on conditions, on balance these factors are outweighed by the other factors referred to above.[1] Now that an indictment has been returned and the defendant has been arrested and introduced formally into the criminal process, it is reasonable to conclude that the reality of his situation has settled in and the risk of flight has become more serious given the very lengthy sentence he could potentially end up serving. In addition, the continued use of drugs increases the risk of recurrent criminal behavior which makes him a risk to the safety of the community particularly in view of the very serious nature of the charges which there is probable cause to believe he committed.

[1]The Court has considered the length of time between the commission of these offenses and the indictment but has concluded that this fact adds very little weight in support of granting bail.

Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant has not rebutted with any credible evidence the presumption that he poses a serious risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Joseph A. DiClerico, Jr.
United States District Judge

Date: July 24, 2009

cc: Kevin E. Sharkey, Esq.
Peter E. Papps, Esq.
U.S. Marshal
U.S. Probation